

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6 | **DATE** | 9/28/2000 |
| **CASE TITLE** | JOSEPH H. TSAU vs. NATIONAL SCIENCE FOUNDATION, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court concludes that plaintiff's complaint lacks federal subject matter and fails to state a claim on which relief could be granted. Defendants' motions to dismiss [5-1,21-1,39-1] are granted. This case is terminated. This is a final and appealable order. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 29 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | H6 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | FILED FOR DOCKETING 00 SEP 28 AM 11:34 | |
| | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**SEP 2 9 2000**

JOSEPH H TSAU,

    Plaintiff,

    v.

NATIONAL SCIENCE FOUNDATION,
U.S. DEPARTMENT OF EDUCATION,
UNIVERSITY OF CHICAGO,
AMERICAN PHYSICS SOCIETY,
SCIENTIFIC AMERICAN, INC.,

    Defendants.

Case No. 00 CV 6

Judge Ronald A. Guzman

## MEMORANDUM OPINION AND ORDER

Pending are defendants National Science Foundation, et. al's motions to dismiss Plaintiff's complaint pursuant to Fed. R's. Civ. Proc. 12(b)(1) and 12(b)(6). For the reasons set forth below these motions are all granted (## 5-1, 21-1, and 39-1).

## BACKGROUND FACTS

Plaintiff, Joseph Tsau, filed this handwritten pro-se complaint against defendants, National Science Foundation ("NSF"), United States Department of Education, University of Chicago, American Physics Society ("APS"), and Scientific America, Inc. ("SA") alleging violations of § 1 of the Sherman Act, the First Amendment to the United States Constitution, and various other state law claims.[1] Plaintiff's supplement to his complaint further alleges a *Bivens*

---

[1] Plaintiff's complaint is inartfully drafted, alleging, generally, that all of the defendants have committed the numerous harmful acts in furtherance of a monopoly.

1

claim, a Federal Torts Act claim, and a claim under the Civil Rights Act of 1964. On April 20, 2000 the Chicago Tribune and ABC, Inc. were voluntarily dismissed by Plaintiff.

Plaintiff, Joseph Tsau, alleges the following facts in his complaint and his supplement which, for the purposes of this motion are accepted as true. Plaintiff developed a new gravity theory, the Theory of the Universe ("TOU"), to interpret gravity, light, and the universe. His gravity theory is based on classical (Newtonian) physics and he believes it is the most important scientific theory ever developed. Plaintiff's TOU directly contradicts the theories of modern physics which are currently embraced by today's scientific community. As a result, the book Plaintiff published heralding his TOU and the attempts he has made to get his TOU published in peer reviewed physic's journals has met with neither commercial nor critical success. Plaintiff blames the lack of interest in his TOU on corrupted physical science societies, education institutions, science magazines, scientific funding foundations, and the United States Department of Education.

Plaintiff alleges that these organizations discriminate against any new theories that disagree with modern physics in order to create a worldwide monopoly for the theories of modern physics. Plaintiff reasons that these organizations have created such a monopoly in order to protect the vested financial interests that the leaders of these organizations have in the theories of modern physics.

Plaintiff filed this action against the University of Chicago because it allegedly teaches the theory of modern physics as the only correct physical science theory and is a suitable representative of educational institutions throughout the world. The University of Chicago's

decision to only teach about the theories of modern physics has allegedly led to the physics science community's failure to support Plaintiff's TOU. Plaintiff filed this action against SA because a magazine it publishes called *Scientific America* refused to publish Plaintiff's TOU for peer review. The Plaintiff chose Scientific America to represent publishers of all science magazines which he alleges are corrupted.

Plaintiff filed this action against the United States Department of Education because the theories of modern physics are allegedly the only physical science theories taught in the public school system and allegedly brainwash students into believing that modern physics is the only correct theory. The United States Department of Education's alleged support of public school curriculum that only allegedly teaches the theories of modern physics has led to the dismissive response that Plaintiff's TOU has received from the physical science community. Finally, Plaintiff filed this action against the NSF and the APS for refusing to publish or fund his TOU. The Plaintiff claims that NSF and APS used unfair and invalid methods to evaluate his TOU which violated his right to have his TOU published and his TOU research program funded.

Plaintiff seeks $20 million dollars in punitive and compensatory damages from all defendants for: 1) the emotional distress he has suffered as a result of being rejected and treated unfairly by the defendants and 2) the financial losses he has incurred as a result of his TOU being neither published nor accepted by the scientific community at large. Plaintiff also requests that this court: 1) enjoin all defendants from engaging in corruptive practices; 2) order all defendants to treat TOU as an important new theory; and 3) order the U.S. Department of Education and National Science Foundation to come up with a plan to fund a scientific study evaluating Plaintiff's TOU versus the theories of modern physics.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, we review all facts alleged in the complaint and inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Caldwell v. City of Elmwood,* 959 F. 2d 670, 671 (7th Cir. 1992). Dismissal is warranted only if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1975). The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends upon the purpose of the motion. *See Freiburger v. Emery Air Charter, Inc.,* 795 F. Supp. 253, 256 (N.D. Ill. 1992). If the motion challenges the sufficiency of the subject-matter jurisdiction allegations, the Court accepts as true all well-plead factual allegations and draws all reasonable inferences in the plaintiff's favor. *United Transp. Union v. Gateway, W. Ry. Co.,* 78 F. 3d 1208, 1210 (7th Cir. 1996 (*citing Rueth v. EPA,* 13 F. 3d 227, 229 (7th Cir. 1993)).

A motion to dismiss under 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Pickrel v. City of Springfield, Ill.* 45 F. 3d 1115, 1118 (7th Cir. 1995). The court accepts as true all of plaintiff's well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *Id.* Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan,* 105 F. 3d 354, 357 (7th Cir. 1997)(*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). Nevertheless, the court need "not strain to find inferences favorable to the plaintiffs which are not apparent on the

face of the complaint." *Coates v. Illinois State Bd. of Ed.*, 559 F. 2d 445, 447 (7th Cir. 1977). Because Plaintiff is proceeding pro se, the Court has a special responsibility to construe his complaint liberally and to "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds. *Donald v. Cook County Sheriff's Dept.*, 95 F. 3d 548, 555 (7th Cir. 1996).

## DISCUSSION

### I. Plaintiff's Sherman Act Claim

Section 1 of the Sherman Act states in pertinent part: "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal ...." 15 U.S.C. § 1 (1977). Plaintiff cannot rely on a mere refusal to deal. In order to state a claim under § 1 of the Sherman Act, 15 U.S.C. § 1(1977), Plaintiff must show "(1) a contract, combination, or conspiracy; (2) a resultant unreasonable restraint of trade in the relevant market; and (3) an accompanying injury." *MCM Partners, Inc., v. Andrews-Bartlett & Assoc.*, 62 F. 3d at 972 n. 7 (quoting *Denny's Marina, Inc. v. Renfro Prods., Inc.*, 8 F. 3d 1217, 1220 (7th Cir. 1993)).

Plaintiff's allegation that Defendants have paid no heed to his novel TOU is insufficient as a matter of law to set forth a claim for violation of the Sherman Act. Plaintiff's complaint fails to set forth any facts to support the elements of a Section one violation of the Sherman Act. Plaintiff has alleged the basis upon which he selected the Defendants to be as follows: the University of Chicago because it allegedly teaches the theory of modern physics as the only correct physical science theory and the Department of Education because theories of modern

5

physics are the only physical science theories taught, fails to raise a reasonable inference that these Defendants, or the other Defendants for that matter, agreed to deal exclusively with each other and such agreement was motivated by their desire to restrain trade in the market. More importantly, the University of Chicago and the Department of Education have been sued as representatives of educational institutions only and there is nothing to be found in the complaint about what legal wrong they have committed. Furthermore, in the Court's view, Plaintiff's allegations entirely fail to suggest a meeting of the minds among the Defendants. Although having Plaintiff's ideas ignored is unfortunate for Plaintiff, it is not an antitrust violation for purposes of the Sherman Act. We do not equate the rejection of plaintiff's scientific theories with a restraint of trade or commerce among the states.

As to Plaintiff's allegations against Defendants NSF, APS and SA's for failing to publish or fund his theory, they too fail to state a claim under Section 1 of the Sherman Act. Instructive is *Lawline v. American Bar Association, et al.* 956 F. 2d 1378, 1382 (7th Cir. 1982), in which the Court considered and rejected whether certain ethical opinions by the defendant bar associations were anticompetitive. The Court reiterated the Seventh Circuit's position "when a trade association provides information" (by giving its approval in that case, its disapproval in this case) "but does not constrain others to follow its recommendations, it does not violate the antitrust laws." *Schachar v. American Academy of Ophthalmology, Inc,.* 870 F. 2d 397, 399 (7th Cir. 1989)(*citing Consolidated Metal Products, Inc. v. American Petroleum Institute,* 846 F. 2d 284 (5th Cir. 1988)). This is so even where the organization at issue has a towering reputation. *Id.* Thus, Plaintiff has failed to state a cognizable Sherman Act claim.

**II. Plaintiff's First Amendment Claim**

As to Plaintiff's First Amendment claim it is undisputed that Plaintiff has already published a book about his TOU without any interference by any of the defendants. It can be purchased through the Internet from Joe T & Company and at Barnes & Noble. The fact that NSF, APS and SA refused to publish his particular work is insufficient as a matter of law to set forth a claim for violation of the First Amendment. As the Supreme Court stated in *Columbia Broadcasting Systems, Inc. v. Democratic National Committee*, 412 U.S. 94, 117, 93 S. Ct. 2080, 2094, 36 L. Ed. 2d 772 (1973) "the power of a privately owned newspaper to advance its own political, social, and economic views is bounded by only two factors: first, the acceptance of a sufficient number of readers–and hence advertisers–to assure financial success; and, second, the journalistic integrity of its editors and publishers." Likewise, in *Avins v. Rutgers, the State University of New Jersey*, 385 F. 2d 151 (3rd Cir. 1967), *cert. denied* 390 U.S. 920, 88 S. Ct. 855, 19 L. Ed. 2d 982 (1968), an action whose facts are very close to those at bar, the Court of Appeals upheld the right of the Rutgers University Law Review to refuse to publish an article critical of the Supreme Court's decision in a landmark case. Plaintiff's attempt to distinguish the above case law, arguing that it does not apply to scientific magazines, is insufficient as a matter of law.

Nor does Plaintiff offer any authority for his bald statement that "scientific magazines are still obligated to have an effective quality-control method to make sure that the public is protected from getting fake and defective scientific magazine products. The Supreme Court has recognized that in striking a balance between the desire for vigorous public debate and the fear of governmental intrusion into that debate, the First Amendment purposely leaves open the possibility that all viewpoints may not be heard:

7

> [T]he balance struck by the First Amendment with respect to the press is that society must take the risk that occasionally debate on vital matters will not be comprehensive and that all viewpoints may not be expressed. The press would be unlicenced because, in Jefferson's words, '(w)here the press is free, and every man able to read, all is safe.'[citation omitted]. Any other accommodation-any other system that would supplant private control of the press with the heavy hand of government intrusion-would make the government the censor of what the people may read and know.

*Miami Herald Publishing Co. v. Tornillo,* 418 U.S. 241, 260, 94 S. Ct. 2831, 2841, 94 S. Ct. 2831, 41 L. Ed. 2d 730 (1974).

There is no question that Plaintiff has the right under the First Amendment to publish his theories free of governmental restraint. Furthermore, under well settled law, the government is not required to subsidize or help publish the ideas of a private party about physics or any other subject. *Regan v. Taxation With Representation of Washington,* 461 U.S. 541-50, 103 S. Ct. 1997, 76 L.Ed. 2d 129 (1983); *Advocates for Arts v. Thomson,* 532 F. 2d 792, 795-97 (1st Cir. 1976) and *Avins v. Rutgers, State University of N.J.,* 385 F. 2d 151, 152-54 (3rd Cir. 1967). As was explained by the court in *Regan,* although a private individual may not have as much money as he wants, and therefore may not be able to disseminate his ideas as much as he would like, a private individual has no right to compel the government to fund the development or publication of his ideas with taxpayer dollars. *Regan,* 461 U.S. at 550.

### III. Plaintiff's *Biven's* Claim

In Plaintiff's response to Defendants' motions to dismiss Plaintiff now claims that he has also set forth a *Bivens* claim against the federal defendants. Plaintiff's complaint fails to state a claim under *Bivens* because the Supreme Court has specifically declined to imply a *Bivens* action against federal agencies. *See FDIC v. Meyer,* 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

## IV. Plaintiff's Claim under the FTCA

Plaintiff's claim under the Federal Torts Claim Act, 28 U.S.C.§§ 1346(b), 2671 *et seq.* also fails to state a claim. Under the FTCA Plaintiffs are required to allege exhaustion of administrative remedies in accordance with 28 U.S.C.§ 2675(a) as a jurisdictional prerequisite. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) and *Sullivan v. United States,* 21 F. 3d 198, 206 (7th Cir. 1994). Furthermore, the federal defendants are not proper defendants for purposes of the FTCA. *See Hughes v. U.S.,* 701 F. 2d 56, 58 (7th Cir. 1982) and *McMasters v. U.S.,* 2000 WL 336549, *5 (N.D. Ill. 2000).

## V. Plaintiff's Claim under the Civil Rights Act of 1964

Plaintiff's claim under the Civil Rights Act of 1964 also fails to state a claim. The Civil Rights Act of 1964 prohibits discrimination in employment because race, religion, sex or national origin. 42 U.S.C.A. § 2000e-2. Plaintiff sets forth no facts to bring his claim under this statute.

## CONCLUSION

After a careful and liberal reading, the Court concludes that plaintiff's complaint lacks federal subject matter and fails to state a claim on which relief could be granted. For the foregoing reasons, defendants' motions to dismiss are granted (##5-1, 21-1, and 39-1). This case is terminated. This is a final and appealable order.

**SO ORDERED**

ENTERED: 9/28/00

**HON. RONALD A. GUZMAN**
**United States Judge**

9